UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS DUANE TRACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00496-JPH-TAB |
| | ) |
| WEXFORD HEALTH SOURCE, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**Order Severing Improperly Joined Claims,
Dismissing Retaliation Claim,
and Directing the Opening of a New Civil Action**

**I. Severance of Claims**

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the Federal Rules of Civil Procedure allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action.

The plaintiff's complaint violates the joinder limitations set forth in Rules 18 and 20(a). The complaint brings three categories of claims—sanitation, medical, and retaliation—against ten named defendants and an indeterminate number of "John Doe" defendants. There is not a single claim brought against all defendants, nor do the claims arise out of the same transaction, occurrence, or event.

1

When a claim includes improperly joined claims, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Generally, a district court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to the plaintiff's sanitation claims.

However, the complaint does not allege sufficient facts to state a retaliation claim against any of the named defendants, and the retaliation claims against the unnamed "John Doe" defendants cannot proceed. Bringing suit against unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted)).

To state a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (internal citations omitted). "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "[I]naction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017). The fact that defendants Evans and Marks heard the plaintiff's conversation with an attorney does not create a reasonable inference that they engaged in retaliatory conduct and therefore fails to state a claim for retaliation.

Unlike the sanitation claims that are being severed and opened as a new civil action, the retaliation claims are **dismissed without prejudice** because of the deficiencies identified by the Court. The retaliation claims will not proceed unless the plaintiff opens a new civil action based on those claims. The plaintiff should, however, consider filing such a new civil action only if there are additional facts in support of the retaliation claim that he can include. Any new civil action against the individuals named in this case that is based on retaliation must allege additional facts or it will be dismissed at screening for failure to state a claim.

Accordingly, the plaintiff's sanitation claims and retaliation claims are **severed from the original complaint**. The sanitation claims shall be spun-off as **a new civil action**. The retaliation claims are **dismissed without prejudice**.

## II. Opening a New Civil Action

To effectuate the ruling in Part I, a new civil action from the Indianapolis Division shall be opened, consistent with the following:

1. Thomas Tracy shall be the plaintiff.
2. The Nature of Suit of the newly opened action shall be 555.
3. The Cause of Action of the newly opened action shall be 42:1983pr.
4. The complaint in this action shall be filed and re-docketed as the complaint the newly opened action.
5. The plaintiff's request to proceed in forma pauperis shall be filed and re-docketed the newly opened action.
6. A copy of this Order shall be docketed in the newly opened action.
7. This action and the newly opened action shall be shown as linked actions.

8. The defendants in the newly opened action shall be Dushan Zatecky, Duane Alsip, John Safford, Lieutenant Simone, Major Elliot, and Major Conyers.

### III. Claim Which Shall Proceed

The plaintiff's medical care claims against defendants Wexford Health Source, Inc., and Paul A. Talbot **shall proceed in this action**. The Court will screen the complaint in a subsequent Order before issuing service on the defendants.

### IV. Summary

The plaintiff's improperly joined claims are **severed**. The sanitation claims against Dushan Zatecky, Duane Alsip, John Safford, Mrs. Simone, Major Elliott, and Major Conyers **shall be opened in a new civil action**. The retaliation claims against Chad Evans, Sgt. Marks, and the unnamed "John Doe" defendants are **dismissed without prejudice**. The medical care claims against Paul A. Talbot and Wexford Health Source, Inc., **shall proceed in this action** and will be screened in a subsequent Order.

The **clerk is directed** to open a new civil action in accordance with this Order.

The **clerk is directed** to terminate defendants Dushan Zatecky, Duane Alsip, John Safford, Mrs. Simone, Major Elliot, Major Conyers, Chad Evans, Sgt. Marks, and John Does from the docket.

The **clerk is directed** to send the plaintiff a blank complaint form to facilitate the filing of a complaint for retaliation against named defendants should the plaintiff choose to do so.

**SO ORDERED**.

Date: 5/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

THOMAS DUANE TRACY
143799
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only