UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS DUANE TRACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00496-JPH-TAB |
| ) | |
| WEXFORD HEALTH SOURCE, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening the Complaint
and Directing Service of Process**

Plaintiff Thomas Tracy, an inmate at Pendleton Correction Facility ("PECF"), brings this action alleging deliberate indifference to his serious medical needs. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint before issuing service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Complaint**

The plaintiff filed a complaint on February 13, 2020, against defendants Wexford Health Source, Inc. ("Wexford") and Paul A. Talbot. The complaint names Dr. Talbot in his individual and official capacity. The plaintiff seeks compensatory damages and all other just relief.

1

The plaintiff suffers from several chronic medical conditions including diabetes, high blood pressure, gastroesophageal reflux, hyperlipidemia, and chronic pain resulting from a disordered lumbar disc. The plaintiff alleges that beginning in 2017, Dr. Talbot discontinued his medications, forced him to take ineffective medications, failed to provide him with adequate treatment, and delayed or denied his access to medical specialists. Dr. Talbot's conduct was allegedly motivated by Wexford's policy of withholding, denying, or delaying necessary medical treatment to cut costs and maximize profits.

### III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

To be liable under § 1983, corporations acting under color of state law must have an express policy or custom that resulted in a constitutional deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004).

Based on the screening standards set forth above, the plaintiff's Eighth Amendment deliberate indifference claims **shall proceed** against Wexford and against Dr. Talbot in his individual capacity. Because Dr. Talbot is a Wexford employee, the claim against Dr. Talbot in

his official capacity is **dismissed** as duplicative of the claim against Wexford. *See Kentucky v. Graham* 473 U.S. 159, 165 (1985) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.").

This summary of claims includes all viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through **May 26, 2020**, in which to identify those claims.

### IV. Motion for Assistance Recruiting Counsel

The plaintiff's motions for counsel, dkts. [4] and [5], are **denied as premature**. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (deciding whether to recruit counsel requires the court to consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").  While that statement from *Kadamovas* is not a "bright-line rule[ ]," in this case Mr. Jordan has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019). The plaintiff may renew his motion for counsel as this case proceeds.

### V. Summary and Service of Process

The claims against Wexford Health Source, Inc. and Paul A. Talbot in his individual capacity **shall proceed**. The claim against Paul A. Talbot in his official capacity is **dismissed** as duplicative.

The plaintiff's motions for counsel, dkt. [4] and [5], are **denied without prejudice**.

The **clerk is directed** to change "Wexford Health Source, Inc." to "Wexford of Indiana, LLC" on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC, and Paul A. Talbot in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED**.

Date: 5/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS DUANE TRACY
143799
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

PAUL A. TALBOT
RECEPTION DIAGNOSTIC CENTER
Medical Employee
737 Moon Rd.
Plainfield, IN 46168

Electronic Service to:

Wexford of Indiana, LLC