UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THOMAS DUANE TRACY,                 )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      No. 1:20-cv-00496-JPH-TAB
                                    )
WEXFORD OF INDIANA, LLC., et al.    )
                                    )
            Defendants.             )

**ORDER SCREENING THE AMENDED COMPLAINT,
DISMISSING DEFICIENT CLAIMS
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Thomas Tracy, an inmate at New Castle Correctional Facility ("NCCF"), brings

this action pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated his

constitutional rights. Because Mr. Tracy is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this

Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before

service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any

portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or

seeks monetary relief against a defendant who is immune from such relief. In determining whether

the amended complaint states a claim, the Court applies the same standard as when addressing a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to
> state a claim for relief that is plausible on its face. A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

*Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The amended complaint names the following defendants: Wexford of Indiana, LLC ("Wexford"), Dr. Paul Talbot, Dr. Michael Mitcheff, Robert Carter, and Dushan Zatecky. Mr. Tracy is seeking damages and injunctive relief.

According to the complaint, Mr. Tracy suffers from diabetes, hypertension, gastroesophageal reflux disease, mixed hyperlipidemia, arthritis, and shoulder, knee, and back injuries. He allegedly received inadequate medical treatment for these conditions during his confinement at Pendleton Correctional Facility ("PCF"), where he was transferred in 2017.

During Mr. Tracy's confinement at PCF, Dr. Talbot allegedly withheld, denied, delayed, or changed Mr. Tracy's medications; denied necessary medical evaluations; and denied his requests for outside referrals in order to cut costs or retaliate against Mr. Tracy for filing grievances. Dr. Talbot allegedly falsified medical records to achieve these ends.

Mr. Zatecky was allegedly aware of Dr. Talbot's misconduct but did nothing to intervene.

Mr. Zatecky, Mr. Carter, and Dr. Mitcheff allegedly established policies or customs of maintaining inadequate staffing, training, supervision, and equipment in the medical units at PCF. Wexford allegedly established similar policies or customs and also established policies that limited offsite medical referrals and health evaluations for offenders living in segregation. These policies allegedly delayed or denied Mr. Tracy's access to medical care while he was confined at PCF.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

"The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted). The First Amendment protects prisoners from retaliatory actions that are likely to deter them from engaging in protected First Amendment activity. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Based on the screening standard set forth above, Mr. Tracy's Eighth Amendment deliberate indifference claim **shall proceed** against Wexford and against Dr. Talbot, Mr. Carter, Mr. Zatecky, and Dr. Mitcheff in their individual capacities.

Mr. Tracy's First Amendment retaliation claim **shall proceed** against Dr. Talbot in his individual capacity.

Mr. Tracy's official capacity claims against Mr. Carter, Mr. Zatecky, and Dr. Mitcheff are **dismissed**. An official capacity claim against employees of the Indiana Department of Correction would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165 67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

Although there are circumstances under which a plaintiff may seek prospective injunctive relief from an individual defendant in his official capacity, those circumstances are not present in this case because Mr. Tracy has not alleged an ongoing violation of his constitutional rights. The amended complaint alleges inadequate medical care at PCF, and Mr. Tracy was transferred to a different facility on or around June 19, 2020. *See* dkt. 23.

This summary of claims includes all the viable claims identified by the Court. All other claims are dismissed. If Mr. Tracy believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 23, 2020**, to identify those claims.

## IV.
## SUMMARY AND SERVICE OF PROCESS

Mr. Tracy's Eighth Amendment deliberate indifference claim **shall proceed** against Wexford of Indiana, LLC and against Dr. Paul Talbot, Robert Carter, Dushan Zatecky, and Dr. Michael Mitcheff in their individual capacities. Mr. Tracy's First Amendment retaliation claim **shall proceed** against Dr. Paul Talbot. All other claims are **dismissed**. The **clerk shall add** Dushan Zatecky as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Robert Carter, Dushan Zatecky, and Dr. Michael Mitcheff in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [32], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

Defendants Wexford of Indiana, LLC, and Dr. Paul Talbot have already appeared by counsel and answered the amended complaint.

**SO ORDERED**.

4

Date: 12/1/2020

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS DUANE TRACY
143799
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com

Electronic Service to the Following IDOC Defendants

        Commissioner Robert Carter
        Warden Dushan Zatecky
        Dr. Michael Mitcheff

5