UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS DUANE TRACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00496-JPH-TAB |
| | ) |
| WEXFORD OF INDIANA, LLC., et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PENDING MOTIONS**

**I.   Introduction**

Plaintiff Thomas Tracy, an inmate at New Castle Correctional Facility, asserts Eighth Amendment claims for deliberate indifference against Defendants Wexford of Indiana, LLC, Dr. Talbot, Dr. Mitcheff, Commissioner Carter, and Warden Zatecky. He is also proceeding on a First Amendment retaliation claim against Dr. Talbot. Tracy has filed three motions, [Filing No. 86; Filing No. 87; and Filing No. 89] that in essence seek reconsideration of an order denying his previous motions to reopen discovery. For the reasons explained below, the motions to reconsider are denied to the extent that Tracy seeks to re-open discovery, but granted in part to the extent that the defendants are ordered to provide Tracy with discovery materials, and to the extent that the Court extends certain briefing deadlines.

**II.   Discussion**

The Seventh Circuit has summarized the role of motions to reconsider:

A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).  In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)).  Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added).  A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

The parties' deadline to complete written discovery was September 3, 2021.  [Filing No. 54, at ECF p. 4.]  The medical defendants filed their motion for summary judgment on October 4, and the correctional defendants filed their motion for summary judgment on November 3.  [Filing No. 74; Filing No. 80.]  On November 15, the Court denied Tracy's motions to reopen discovery, finding that he failed to show good cause to extend the discovery deadline; however, the Court extended his deadline to respond to the summary judgment motions to January 31, 2022.  [Filing No. 85.]  The Court noted that one of Tracy's motions included a request for assistance recruiting counsel.  [Filing No. 85, at ECF p. 2.]  Accordingly, the Court sent Tracy a copy of the Court's Motion for Assistance Recruiting Counsel form and told him that he "must use this form if he wishes to renew his motion for counsel."  [Filing No. 85, at ECF p. 2.]

On January 31, 2022, Tracy filed three motions to reconsider the order denying his request to reopen discovery. *See* [Filing No. 86; Filing No. 87; Filing No. 89.]  On February 23, the Court held a telephonic status conference to address these motions.  Tracy stated that he wanted to reopen discovery to obtain medical records, grievances records, and healthcare policies.  Defense counsel for the medical defendants stated that they provided Tracy with a

comprehensive set of initial disclosures totaling approximately 1,175 pages that included all of Tracy's medical records during the time relevant to this lawsuit.  Defense counsel for the correctional defendants also stated that they provided comprehensive initial disclosures totaling approximately 309 pages.  Tracy then stated that he actually had received these records but that they were not placed in chronological order and that they were produced on double-sided copies.  In response, defense counsel stated that the electronic medical records were in chronological order and that paper medical records were added at the end of the disclosures.  These medical records were separate from Tracy's grievance records, which were produced by the correctional defendants.  The defendants had also replied to Tracy's discovery requests while discovery was open.  Tracy did not file a motion to compel based on any alleged inadequacies with those discovery responses.

The arguments in Tracy's motions to reconsider are similar to the ones raised in his previous motions to reopen discovery: that he has had limited access to legal resources since his transfer to New Castle Correctional Facility in June 2020, that his health issues have interfered with his ability to write, that the defendants' initial disclosures and discovery responses are produced on two-sided copies that are not in chronological order, and that he tried to file a motion to extend the discovery deadline on August 9, 2021, before discovery closed, but that the motion was never filed with the Court.  [Filing No. 85, at ECF p. 1] (order denying motions to reopen discovery).

The Court considered, and rejected, these arguments in its previous order.  [Filing No. 85]; *see also Caisse Nationale de Credit Agricole*, 90 F.3d at 1269-70 (A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments.").  Also, Tracy has received comprehensive discovery from all defendants and did not file a motion to compel

despite having ample time to do so. Although Tracy states that his limited access to legal resources and health issues have interfered with his ability to litigate this case, the Court notes that he has filed eleven motions in this case since he arrived at his current facility, including a motion for a preliminary injunction. *See* [Filing No. 25; Filing No. 29; Filing No. 50; Filing No. 53; Filing No. 57; Filing No. 78; Filing No. 84; Filing No. 86; Filing No. 87; Filing No. 88; Filing No. 89]. Finally, this case is already more than two years old, and reopening discovery at this late date would prejudice the defendants, who have already moved for summary judgment and complied with all Court orders throughout this case.

### III. Conclusion

For the reasons explained above, Tracy's motions to reconsider [Filing No. 86; Filing No. 87; and Filing No. 89], are denied to the extent that Tracy seeks to re-open discovery, but granted in part to the extent that defendants are ordered to resend Tracy all initial disclosures and discovery responses by **MARCH 4, 2022**. Defendants must also respond to Tracy's settlement demand by **MARCH 4, 2022**. Tracy shall have through **MARCH 25, 2022**, to file a response to the defendants' motions for summary judgment and file a reply in support of his motion for a preliminary injunction. The Court does not anticipate granting further extensions of these deadlines.

Finally, one of Tracy's motions to reconsider includes a request for assistance recruiting counsel. [Filing No. 87, at ECF p. 9, para. 27]. The **clerk is directed** to send Mr. Tracy a copy of the Court's Motion for Assistance Recruiting Counsel form. Tracy must use this form if he chooses to file a motion for assistance recruiting counsel.

**SO ORDERED**.
Date: 2/25/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via ECF
and to the following via U.S. Mail:

THOMAS DUANE TRACY
143799
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362