UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS DUANE TRACY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00496-JPH-TAB |
| WEXFORD OF INDIANA, LLC., et al. | ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Thomas Tracy is an Indiana prisoner at New Castle Correctional Facility. He is suing Wexford of Indiana, LLC, Dr. Paul Talbot, Dr. Michael Mitcheff, Warden Dushan Zatecky, and Commissioner Robert Carter for deliberate indifference to his serious medical needs. His motion for a preliminary injunction is now before the Court. For the reasons explained below, this motion is **DENIED**.

**I. Legal Standard**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir.1997) (citing *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945)); *see also Omega World Travel v. TWA,* 111 F.3d 14, 16 (4th Cir.1997); *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) ("[A] party

moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing *Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1185 (10th Cir.1975)); *Alston v. City of Madison,* 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint."); *see also Benisek v. Lamone,* 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)).

Persons who may be bound by a preliminary injunction include "the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with [those aforementioned persons]." Fed. R. Civ. P. 65(d)(2).

As a threshold matter, "a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois,* 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any

irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.*

## II. Background

### A. Mr. Tracy's allegations in this lawsuit

Mr. Tracy alleges that the medical care he received at Pendleton Correctional Facility before June 2020 was inadequate. Mr. Tracy suffers from diabetes, hypertension, gastroesophageal reflux disease, mixed hyperlipidemia, arthritis, and shoulder, knee, and back injuries. He alleges that during his confinement at Pendleton:

- Dr. Talbot withheld, denied, delayed, or changed Mr. Tracy's medications; denied necessary medical evaluations; denied his requests for outside referrals to cut costs or retaliate against Mr. Tracy for filing grievances; and falsified medical records to achieve these ends;

- Mr. Zatecky knew of Dr. Talbot's misconduct but did nothing to intervene;

- Mr. Zatecky, Mr. Carter, and Dr. Mitcheff established policies or customs of maintaining inadequate staffing, training, supervision, and equipment in the medical units at Pendleton;

- Wexford established similar policies or customs, and also established policies that limited offsite medical referrals and health evaluations for offenders living in segregation.

- These policies delayed or denied Mr. Tracy's access to medical care while he was confined at Pendleton. *See* dkt. 30 (screening order).

### B. Mr. Tracy's facility transfers

After filing this lawsuit, Mr. Tracy was transferred to New Castle Correctional Facility. *See* dkt. 23 (notice of change of address, June 19, 2020). He was confined to New Castle when he filed the instant motion for preliminary injunction. Dkt. 88, p. 17. After the parties submitted briefing on the motion for preliminary injunction and appeared at a telephonic status conference to discuss the motion, Mr. Tracy was transferred back to Pendleton. *See* dkt. 110 (notice of change of address, June 20, 2022).

### C. Mr. Tracy's Motion for Preliminary Injunction

Mr. Tracy seeks a preliminary injunction against Centurion, the current medical services provider to IDOC, based on its alleged failure to treat his medical conditions, in particular his chronic pain. *See* dkt. 88. He states that his untreated medical conditions, such as his nerve damage, has prevented him from completing discovery, meeting deadlines, and otherwise litigating this lawsuit. *Id.* at 5.

Commissioner Carter and Mr. Zatecky argued in opposition to the motion for preliminary injunction that Mr. Tracy is unlikely to prevail on his Eighth Amendment claims against them because they are not personally responsible for providing medical care to inmates and are entitled to defer to the judgment of the medical professionals who provide care to Mr. Tracy. Dkt. 92, pp. 5-6.

Wexford, Dr. Mitcheff, and Dr. Talbot argued that they had no legal authority over Mr. Tracy's care at the time he filed the motion for preliminary injunction. Dkt. 94, pp. 3-4. Wexford is no longer the medical services provider

4

for IDOC, and Dr. Mitcheff no longer oversees care at IDOC facilities. *Id.* Although Dr. Talbot continues to work within the IDOC system, he does not work at New Castle or Pendleton. *Id.* According to Dr. Talbot's affidavit in support of his motion for summary judgment, he currently treats prisoners at IDOC's Reception Diagnostic Center in Plainfield, Indiana. Dkt. 76-3, para. 2.

The Court held a telephonic status conference on February 23, 2022. Dkt. 96. After asking Mr. Tracy about his ability to litigate this case, the Court denied his requests to reopen discovery but ordered the defendants to resend his initial disclosures and discovery responses. Dkt. 98, p. 4. The Court also granted Mr. Tracy an extension of time to file a reply in support of his motion for preliminary injunction. *Id.* Mr. Tracy did not file a reply, and the time to do so has passed.

### III. Discussion

Mr. Tracy's motion for preliminary injunction is denied because none of the defendants are currently responsible for providing him with medical care. Wexford and Dr. Mitcheff no longer provide medical services to IDOC prisoners, and Wexford's successor, Centurion, has not been named as a defendant in this lawsuit. Dr. Talbot still works in the IDOC system, but his post has been moved to the Reception Diagnostic Center in Plainfield, Indiana. Dushan Zatecky is no longer the Warden of Pendleton Correctional Facility, as that position now belongs to former Deputy Warden Dennis Reagle.[1] And although Robert Carter remains the Commissioner of IDOC, he is a non-medical executive official and is

---

[1] *See* https://content.govdelivery.com/accounts/INDOC/bulletins/297b35a (last visited August 2, 2022).

not responsible for providing direct medical care to prisoners. *Giles v. Godinez*, 914 F.3d 1040, 1050 (7th Cir. 2019) ("[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.").

Mr. Tracy's situation is analogous to cases where a prisoner is transferred to a different facility, rendering his request for injunctive relief moot. When Mr. Tracy was at New Castle, the defendants who were responsible for providing him with medical care at Pendleton left that facility. The people currently involved in providing Mr. Tracy with medical care are different, and nothing suggests that any of the defendants in this case will be involved in his medical care in the future. *Cf. Jones v. Butler*, 663 F. App'x 468, (7th Cir. 2016) (citing *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred. Allegations of a likely retransfer may not be based on mere speculation." (cleaned up)).

Accordingly, Mr. Tracy's motion for preliminary injunction, dkt. [88], is **DENIED**.[2]

**SO ORDERED**.

---

[2] Nothing in this Order prevents Mr. Tracy from bringing a lawsuit against any individuals or corporate entities who provided or failed to provide him with adequate medical care at New Castle Correctional Facility or who are currently providing or failing to provide him with medical care at Pendleton Correctional Facility.

Date: 8/2/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS DUANE TRACY
143799
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY - Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Amanda Jo Holbrook
amanda.holbrook@atg.in.gov

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com